### McCOLLUM, In Re, Estate of

Ohio Appeals, 2nd Dist, Greene Co

No 381. Decided June 15, 1933

Harry D. Smith, Xenia, and Frank H. Dean, Xenia, for claimant.
Miller & Finney, Xenia, for heirs.

### SUPPLEMENTAL DECISION

By THE COURT

Decision in the above entitled cause was released on May 25th last, and counsel for the respective parties are submitting separate journal entries. There seems to be misunderstanding as to the date from which interest is to be calculated, counsel for claimant contending that the interest should be calculated on the weekly installments, and counsel for the heirs holding a contrary view that it should be calculated from the date the claim was presented for allowance in the Probate Court. In the court below it was deterimned that interest was allowable from date of presentation of claim.

A short paragraph in our opinion on last page would probably give the correct interpretation:

"We have carefully examined the record and find no other prejudicial error."

An examination of the claim will disclose that no claim for interest was made. Furthermore, no general discussion on the question of interest was presented in the briefs.

Considering the nature of this claim and the fact that no demand for interest was included therein, we are of opinion that interest should not be allowed except from date of filing of claim with Probate Court for allowance. In **Vol. 23, Ohio Jur.** (Interest), §29, the following appears in the text:

"In many cases demand of payment is necessary to authorize recovery of interest. It may in general be said to be the rule that a demand is necessary with reference to accounts and unliquidated claims."

The above rule has its exceptions relative to running accounts where the custom is to charge interest at fixed periods.

This exception would not be applicable to the instant case.

It is our conclusion that interest will be allowable from the date of presentation of claim.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.